**GREAT AMERICAN INSURANCE COM-PANY, Subrogee of Dionisios Marudas and Athina Marudas, d/b/a Pizza Olympia, Appellants,**

**v.**

**BAR CLUB, INC., d/b/a The Buckaroo Club, Appellee.**

No. S–6368.

Supreme Court of Alaska.

July 26, 1996.

Robert L. Griffin, Law Offices of Mason & Griffin, Anchorage, for Appellants.

A. Robert Hahn, and John R. Strachan, Anchorage, for Appellee.

Before RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

COMPTON, Chief Justice.

I. *INTRODUCTION*

Pizza Olympia rented a portion of a building from the Bar Club, d/b/a Buckaroo Club, which did business in the remainder of the building. A fire damaged both portions of the building. After paying Pizza Olympia's claim, Great American Insurance Company, its insurer, brought a subrogation action against the Bar Club, alleging that its negligence caused the fire and Pizza Olympia's losses. The Bar Club successfully moved for summary judgment, prevailing on the theory that it was an implied co-insured under Pizza Olympia's fire insurance policy, and therefore

---

not liable in subrogation. Great American Insurance appeals. We reverse.

## II. *FACTS AND PROCEEDINGS*

Pizza Olympia rented a portion of a building from the Bar Club, Inc., which occupied the other part of the building. The lease contained a clause obligating Pizza Olympia to name the Bar Club as a co-insured in all "liability insurance policies pertaining to the premises." Pizza Olympia obtained an insurance policy from Great American Insurance Company. The policy contained an endorsement modifying the "Commercial General Liability Coverage Part" by naming the Bar Club as an additional insured, "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to" Pizza Olympia. The Bar Club was not named as an additional insured under the fire insurance portion of the policy. Pizza Olympia annually provided the Bar Club with a copy of the policy.

In 1991 a fire damaged the entire building. The Bar Club and Pizza Olympia each individually settled with their respective insurance companies. Great American then brought a subrogation action against the Bar Club, alleging that its negligence caused the fire and Pizza Olympia's losses.

The superior court held that *Alaska Ins. Co. v. RCA Alaska Communications, Inc.*, 623 P.2d 1216 (Alaska 1981), mandated summary judgment in favor of the Bar Club. Specifically, the court concluded that because *RCA* had held that a landlord's insurer could not sue a tenant for fire damage due to that tenant's negligence, "general principles of equity and fundamental fairness ... would preclude the tenant's insurer from suing the landlord...."

Great American Insurance appeals.

## III. *DISCUSSION*

### A. *Standard of Review*

■ Summary judgment will be affirmed if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *In re Estate of Evans*, 901 P.2d 1138, 1140 (Alaska 1995). On questions of law, we are not constrained by the superior court's decision, but instead "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. *Analysis*

■ The Bar Club, relying on *Alaska Ins. Co. v. RCA Alaska Communications, Inc.*, 623 P.2d 1216 (Alaska 1981), argues that equitable principles dictate it should be considered an implied co-insured under Pizza Olympia's fire insurance policy. In *RCA*, a fire destroyed a building which RCA rented from Bachner Rental Company, the building's owner. *Id.* at 1217. Bachner's insurer paid Bachner for the fire loss, and then commenced a subrogation action against RCA, contending that RCA had negligently caused the fire. We held that RCA was an implied co-insured under Bachner's fire insurance policy. We reasoned that it would "contradict the reasonable expectations of a commercial tenant to allow the landlord's insurer to proceed against it after the landlord had contracted in the lease to provide fire insurance on the leased premises," and that "in a situation of this type it would be undesirable as a matter of public policy to permit the risk of loss from a fire negligently caused by a tenant to fall upon the tenant rather than the landlord's insurer." *Id.* at 1219.

We distinguished *RCA* in *Olympic, Inc. v. Providence Washington Ins. Co.*, 648 P.2d 1008 (Alaska 1982). In *Olympic*, a lease required the building's tenant, Alaskan General Incorporated (AGI), to provide liability insurance for the building's premises, and to name Olympic, the building's owner, as a co-insured on the policy. *Id.* at 1009. AGI purchased a liability insurance policy from Providence Washington Insurance Company (Providence), but breached its obligation to name Olympic as a co-insured. *Id.* at 1009–10. A firefighter was later killed while battling a blaze at the building. Olympic's insurer, Chicago Insurance Company (Chicago), settled a wrongful death action with the firefighter's estate, and then commenced an indemnification action against Providence. *Id.* at 1010. After concluding that Chicago

did not derive a right of indemnification from the express provisions of Providence's insurance policy, we held that the implied insured doctrine did not apply:

> [W]e decline to characterize Olympic as an implied insured. The dispositive distinction between the present case and *RCA* is that in *RCA* the insurer seeking subrogation had contractually agreed to insure against loss due to fire.... It is from that context which we assessed the reasonable expectations of the parties with respect to fire loss due to the tenant's negligence. In contrast ... Providence did not contractually agree to insure against risks attributable to Olympic. Presumably, the premiums charged by Providence reflected only the risks expressly set forth in the policy. We cannot say as a general rule that such premium rates would not vary were the landlord listed as a named insured.

*Id.* at 1014.

 As *Olympic* makes clear, if the tenant, rather than the landlord, purchases insurance, the focus shifts from the reasonable expectations of the parties to the terms of the policy itself. Under *Olympic*, a landlord is a co-insured under a tenant's fire insurance policy only if the policy expressly so provides. This is so because the equitable principle underlying the implied insured doctrine is not applicable when the tenant purchases insurance.[1] We therefore hold that the Bar Club is not an implied co-insured under Pizza Olympia's fire insurance policy.

## IV. CONCLUSION

The judgment of the superior court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

MATTHEWS, J., concurs.

MOORE, C.J., not participating.

MATTHEWS, Justice, concurring.

I agree with the opinion of the court and write separately only to note an argument that was not presented. Bar Club did not argue that Great American may not sue it because Great American is Bar Club's liability insurer for losses arising out of Pizza Olympia's ownership or use of the leased premises. This argument seems to me to be both obvious and probably valid. No implication should be drawn from the court's failure to mention it.

1. The implied insured doctrine rests on the assumption that the tenant's rent includes the cost of fire insurance:

> It has also been noted as well recognized that the cost of insurance to a landlord for the value of the risk is made a part of the rental to be paid by the tenant and, thus, in practical effect, the tenant pays the cost of the landlord's fire insurance.... Since the lessee ultimately pays for the insurance through rent checks, he or she should be able to benefit from that payment unless the lessee has clearly bargained away that benefit, it being the natural expectation of the parties that they should benefit from what they pay for. The rule is a common sense approach which prevents a double recovery for the landlord or windfall to the insurance company which would escape liability for protection it was paid to provide.

49 Am.Jur.2d, *Landlord and Tenant* § 482 (1995) (footnotes omitted).