205

UNITED STATES of America,
Plaintiff—Appellant,

v.

CNA FINANCIAL CORPORATION,
Defendant,

and

Continental Casualty Company, dba
The Continental Insurance Company, Defendant—Appellee.

United States of America,
Plaintiff—Appellee,

v.

CNA Financial Corporation, Defendant,

and

Continental Casualty Company, dba
The Continental Insurance Company, Defendant—Appellant.

No. 03–35446, 03–35534.
D.C. No. CV–98–00285–A–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 6, 2004.

Decided Oct. 20, 2004.

Richard R. Stone, Sr., Attorney, Barbara C. Biddle, Jeffrica J. Lee, Lewis Yelin, U.S. Dept. of Justice, Washington, DC,

for Richard L. Pomeroy, Office of U.S. Attorney, Anchorage, AK, Plaintiff–Appellant.

Evan L. Schwab, Dorsey & Whitney LLP, Seattle, WA, John Treptow, Jahna M. Lindemuth, Dorsey & Whitney LLP, Anchorage, AK, for Defendant–Appellee.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

### MEMORANDUM [*]

#### A.

The United States appeals the district court's granting of summary judgment to Continental Casualty Company ("Continental") on the question of Continental's liability to the United States on an insurance policy taken out by Bristol Bay Area Health Corporation ("Bristol Bay"), pursuant to the Indian Self–Determination and Education Assistance Act of 1975 ("ISDEAA"), 25 U.S.C. § 450 *et seq.* We partially reverse the district court on the ground that the United States is properly characterized as an implied beneficiary of Bristol Bay's insurance policy, and is therefore entitled to pursue its claim against Continental.

The United States argues that it must be considered an "implied insured beneficiary" of Bristol's liability policy with Continental. Under Alaska law, the "implied insurance doctrine" permits an unnamed party to claim rights as an implied beneficiary of an insurance contract "where the risk to the insurer is unchanged, and where the third party is within the class

intended to be benefited by the parties. . . ." *Stewart–Smith Haidinger, Inc. v. Avi–Truck, Inc.,* 682 P.2d 1108, 1113 (Alaska 1984). The doctrine, as explained by the Alaska Supreme Court, is based in part on the equitable principle that when an insurance policy is ultimately paid for by a party not named as a beneficiary in the policy, that party "should be able to benefit from that payment unless the [party] has clearly bargained away that benefit, it being the natural expectation of the parties that they should benefit from what they pay for." *Great Am. Ins. Co. v. Bar Club, Inc.,* 921 P.2d 626, 628 n. 1 (Alaska 1996) (quotation omitted). The determinative question in deciding whether to apply the implied insured doctrine is whether the risk undertaken by the insurer would be affected by implying an additional insured. *Avi–Truck,* 682 P.2d at 1112.

Bristol Bay originally obtained its insurance policy in 1989. At that time, Bristol Bay would have been liable for the negligent acts of its employees; by extension, Continental would be required to discharge Bristol Bay's obligations under the terms of the liability policy. Between 1989 and 1994, no significant changes were made to the terms of the policy. Significantly, no mention was made in the terms of the policy of the effect of the 1990 amendments to the ISDEAA, which provided for the United States to assume tort liability for the negligent acts of ISDEAA-authorized organizations' employees by subjecting the United States to suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* 25 U.S.C. § 450f(d); *Snyder v. Navajo Nation,* 371 F.3d 658, 662 (9th Cir.2004). If the policy were intended to cover only those potential liabilities not subsumed by the FTCA, there ought to have been some mention of that

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in the policy's exclusions. By the time of the incident at issue here, Bristol Bay's potential liability, and consequently Continental's risk, had been eviscerated by the amendments to the ISDEAA. Nonetheless, Bristol Bay continued to maintain its policy with Continental at premiums which were never reduced to reflect Bristol Bay's correspondingly lessened liability.

Under Continental's interpretation of the United States' relationship to the policy, Continental could never incur liability under Bristol Bay's policy. Such a result is inherently inequitable; indeed, it would be inimical to public policy to permit insurance policies which insure nothing. On the other hand, deeming the United States to be an implied insured, and thereby obligating Continental to compensate the United States for damages arising from the negligence of Bristol employees, is inherently equitable: the United States gets the benefit of an insurance policy which by its own terms covered losses for which the United States was exclusively liable; and Continental is precluded from a "windfall" whereby it "escape[s] liability for protection it was paid to provide." *See Bar Club,* 921 P.2d at 628 n. 1.

■ The United States was the only party which could have been held liable for the negligence of Bristol Bay's employees. Thus, *Continental's risk would not be broadened* by implying the United States as an additional insured beneficiary. Bristol Bay's premiums were unaffected by changes in federal law which imposed liability for such damages on the United States exclusively; hence, it would be fundamentally unfair to hold that Continental could avoid all liability under the policy merely because of the change in federal law. Summary judgment in favor of Continental was therefore inappropriate.

### B.

Since we reverse the district court's summary judgment order on behalf of Continental on the implied insured theory, we need not address the United States' alternative argument that it was entitled to implied indemnification from Continental.

### C.

■ Continental cross-appeals the district court's conclusion that it is not entitled to attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), or Alaska Civil Rule 82. Continental argues that "federal common law" exposes the United States to liability under Rule 82. In support of its argument, however, Continental cites to federal courts which apply fee-shifting statutes while sitting in diversity jurisdiction. The fact that diversity courts apply *state* fee-shifting statutes because they are applying state substantive law certainly does not establish that *federal* common law permits a court exercising supplemental jurisdiction over state law claims to apply a fee-shifting statute like Rule 82.

Thus, Continental would only be entitled to attorneys' fees if the United States waived its sovereign immunity "under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). Courts which have interpreted § 2412(b) have universally held that the "any statute" language applies only to *federal* statutes. *See United States v. Parsons Corp.,* 1 F.3d 944, 946 (9th Cir.1993). Continental identifies no such statute, and we have encountered none. The district court's denial of Continental's request for attorneys' fees was therefore correct.

**REVERSED.**

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

The case is close, but I am not satisfied that the Alaska Supreme Court would extend the implied insured doctrine to this case. The district court got it right, in my view.

*Stewart–Smith Haidinger, Inc. v. Avi–Truck, Inc.,*[1] upon which the majority relies, is distinguishable because it involved hull insurance, which is casualty insurance, while the case at bar involves liability insurance. In casualty insurance, premiums are ordinarily based on the property rather than its owner, and in the absence of a bad claims history that scares the carrier off, the identity of the owner rarely matters. In liability insurance, on the other hand, premiums and issuance are both highly sensitive to the identity of the insured. Premiums can vary even for such small differences as a teenager going away to college, and carriers sometimes limit issuance to particular classes of insureds. It seems to me too big of a jump to assume that the words of *Avi–Truck,* spoken in a casualty insurance context, apply without limitation to the liability context.

When the Alaska Supreme Court considered the implied insured doctrine in the context of liability insurance, in *Olympic Inc. v. Providence Washington Insurance Company,*[2] it declined to apply it. Evidently there was no evidence one way or the other in *Olympic* as to premiums, but the court said "[w]e cannot say as a general rule that such premium rates would not vary were the landlord listed as a named insured."[3]

*Olympic* distinguishes *Alaska Insurance Co. v. RCA Alaska Communications, Inc.,*[4] another casualty insurance case, on the ground that the insurer had agreed to insure against fire.[5] In *Olympic,* the insurer had not agreed to insure against risks attributable to the conduct of the putative implied insured.[6] That distinction seems apropos to me because, in our case, the insurer had not agreed to insure against the risks attributable to the United States. An insurer might take a different view of those risks, perhaps because of different litigation risks with the United States, rather than a local Native corporation, as the defendant. An insurer might prefer not to issue insurance to the United States at all because of the greater complexity of transactions with the federal government, and the required involvement of its legal department to assure that all applicable federal laws are satisfied.

As for whether the insurer was getting premiums without providing any real coverage after the amendments to the Indian Self–Determination and Education Assistance Act, for all we know Bristol Bay engages in other activities for which it needs liability insurance, and for those other activities the Act does not substitute the United States as the liable party.

For casualty insurance, insurers issue and charge depending on what they are insuring; for liability insurance, insurers issue and charge depending on whom they are insuring. The difference is too great for me to agree that the Alaska Supreme Court would follow its casualty insurance case, *Avi–Truck,* in preference to its liability insurance case, *Olympic.* If the United States wanted coverage under Bristol

---

1. *Stewart–Smith Haidinger, Inc. v. Avi–Truck, Inc.,* 682 P.2d 1108 (Alaska 1984).

2. *Olympic, Inc. v. Providence Wash. Ins. Co.,* 648 P.2d 1008 (Alaska 1982).

3. *Id.* at 1014.

4. *Alaska Ins. Co. v. RCA Alaska Communications, Inc.,* 623 P.2d 1216 (Alaska 1981).

5. *Olympic, Inc.,* 648 P.2d at 1013–14.

6. *Id.*

Bay's liability policy, it could have contracted for it and policed performance by requiring a copy of the insurance certificate, just as a bank with a mortgage assures that it is covered by a homeowner's fire insurance policy. It did not. I would affirm.